CIKLIN, J.
Rashan Mike appeals his convictions and sentences for two counts of sexual battery on a child twelve years of age or older but less than eighteen years of age by a person in a position of familial or custodial authority. He raises four issues on appeal, three of which do not warrant reversal. However, we accept the state’s concession of error as to the sentencing issue, and we reverse the sentence and remand with instructions.
On each count, the trial court sentenced Mike to life in prison under two sentencing statutes: section 775.082(9), Florida Statutes (2011), also known as the prison re-leasee reoffender statute (PRR), and section 775.084(4)(b), Florida Statutes (2011), which provides for enhanced sentences for habitual violent felony offenders (HVFO). Pursuant to the respective statutes, the court also required Mike to serve 100 per *1155 cent of his PRR sentences and imposed a mandatory minimum of fifteen years in prison for the HVFO sentences. See §§ 775.082(9)(b), 775.084(4)(b)l, Fla. Stat. (2011). The trial court ordered the sentences to run concurrently.
Mike argues the sentencing scheme was error for two reasons. First, the PRR statute calls for a thirty-year prison sentence — not a life term — for a first-degree felony. Second, although the court could sentence Mike under both the PRR and HVFO statutes, the PRR statute does not allow the sentences to be for equal terms. The alleged error was preserved for review by Mike’s motion to correct sentencing error, filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
' The state correctly concedes error. Although a court is permitted to impose sentences under both the PRR and HVFO statutes for the same offense, the PRR statute does not allow the sentences to be for equal terms. Instead, the statute creates a sentencing “floor” or mandatory minimum but allows for a harsher sentence to be imposed under section 775.084, or any other provision of law. See Grant v. State, 770 So.2d 655, 658-59 (Fla.2000); § 775.082(9)(e), Fla. Stat. (2011).[1]
Additionally, although the HVFO statute requires a sentence of life in prison for a first-degree felony, the PRR statute provides for a thirty-year sentence for a first-degree felony. See §§ 775.084(4)(b)l., 775.082(9)(a)3.b, Fla. Stat. (2011). Mike was convicted of first-degree felonies under section 794.011(8)(b), Florida Statutes (2011). This is not a case where the conviction was for a first-degree felony punishable by life, in which case the PRR statute provides for a life sentence. See McDonald v. State, 957 So.2d 605, 612-13 (Fla.2007).
We reverse Mike’s sentence and remand for the trial court to amend the PRR sentences so that they comport with the statute.

Affirmed in part, reversed in part, and remanded with instructions.

TAYLOR and GERBER, JJ., concur.

. Grant's holding does not extend to cases where a defendant is sentenced to concurrent sentences under the PRR statute and the 10-20-Life statute, section 775.087, Florida Statutes. See McDonald v. State, 957 So.2d 605, 606 (Fla.2007) (“[A] mandatory minimum 10-20-LIFE sentence must be imposed concurrently with a PRR sentence even when the 10-20-LIFE sentence is the lesser sentence. ...”).